IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                  :
                                        :
HIRAM COLON ROJAS,                      :    Case No. 98-6078 (ESL)
                                        :
        Debtor                          :    Chapter 13
                                        :
_____ :
                                        :
HIRAM COLON ROJAS,                      :
                                        :
        Plaintiff,                      :
                                        :
        v.                              :    Adv. No. 08-0083
                                        :
MONEY EXPRESS, JOHN DOE, RICHARD        :
ROE and ABC INSURANCE COMPANY,          :
                                        :
        Defendants                      :
                                        :
_____ :


DECISION AND ORDER

This proceeding is before the Court upon a motion by the defendant, Money Express, to dismiss the debtor's amended complaint. For the reasons stated below, the motion to dismiss is granted.

BACKGROUND

The debtor, Hiram Colon Rojas ("Colon"), filed a petition under Chapter 13 of the Bankruptcy Code on May 6, 1998. On May 29, 1998, Money Express filed a proof of claim in the amount of $2,652.64 for money loaned. Colon completed payments pursuant to a modified Chapter 13 plan and the Chapter 13 trustee filed a Final Report and Account on June 13, 2005, which represented that Money Express was paid the amount of $326.90 on its unsecured claim. Colon obtained a discharge on July 27, 2005, and the trustee was

discharged and the case was closed.

On May 9, 2008, Colon filed a motion to reopen the case to obtain relief related to the discharge injunction. The case was reopened on May 30, 2008 and on even date, Colon filed this adversary complaint against Money Express, alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and damages and injunctive relief for violation of the discharge injunction of 11 U.S.C. § 524(a)(2).

On August 28, 2008, Money Express filed a motion to dismiss, contending that the complaint failed to state a claim upon which relief may be granted (dkt. #18). Colon opposed the motion to dismiss (dkt. #23), but subsequently filed an amended complaint (dkt. #45).

The amended complaint alleges that Money Express, John Doe, Richard Roe and ABC Insurance Company, violated the discharge injunction. The relevant allegations are that Money Express participated in Colon's bankruptcy case and the unpaid portion of its unsecured debt was discharged. Thereafter, Money Express assigned or conveyed the discharged debt to Advanced Collection Services, Inc. Colon specifically alleges that "[u]pon information and belief, Money Express informed Advanced Collection Services, Inc., that all actions or proceedings to enforce any discharged debt or to levy on plaintiff's [Colon's] property, subsequent to the entry of the discharge order, were prohibited and foreclosed by

2

law." Yet, Colon alleges that on February 18, 2008, Advanced Collection Services, Inc. ("Advanced"), an entity that is not a party to this adversary proceeding, sent Colon a written demand for payment of a $4,837.41 debt owed to Money Express. Colon claims that through these actions, Money Express has continued efforts to collect the discharged balance since the conveyance or sale of the discharged debt is objectively coercive and therefore a violation of the discharge injunction.

On June 22, 2009, Money Express filed a motion to dismiss the amended complaint (dkt. #49). Money Express alleges that the complaint fails to state a claim upon which relief may be granted and that it fails to join indispensable parties. Money Express argues that the complaint hinges on allegations that Advanced took actions to collect a discharged debt. Money Express states that far from alleging that Money Express violated the discharge injunction, the complaint alleges specific and unequivocal conduct by Money Express conducive to preventing a violation of the injunction.

DISCUSSION

The United States Bankruptcy Appellate Panel of the First Circuit recently discussed the standard for dismissal of an adversary complaint, which alleges a violation of the discharge injunction. The Panel stated that:

> [t]o survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to

relief," [*Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008)]. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)), and must contain factual allegations sufficient to "raise a right to relief above the speculative level. *Morales-Tañon v. Puerto Rico Elec. Power Authority*, 524 F.3d 15, 18 (1st Cir. 2008)(citing *Twombly*, 127 S.Ct. at 1965). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citations omitted). "Dismissal for failure to state a claim is appropriate if the complaint fails to set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

*In re Lumb*, 401 B.R. 1, 6 (B.A.P. 1st Cir. 2009)(footnote omitted).

A bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2); *Pratt v. Gen. Motors Acceptance Corp. (In re Pratt)*, 462 F.3d 14, 17 (1st Cir. 2006). A creditor violates the discharge injunction when it has notice of the debtor's discharge, intended the actions which constituted the violation and acts in a way that improperly coerces or harasses the debtor. *Id*. at 19.

In a case similar to the present case, the United States District Court for the Eastern District of Virginia, held that a

4

creditor's sale of a discharged debt was not a violation of the discharge injunction. *Finnie v. First Union Nat'l Bank*, 275 B.R. 743 (E.D.Va. 2002). The court concluded that "[r]egardless of how broadly this court construes the language in § 524(a)(2), the statute's prohibitions apply only to actions taken by a creditor to collect *from* the debtor." *Id.* at 746 (emphasis in original). The court explained that "[w]hile a creditor is prohibited from utilizing a collection agency to recover a discharged debt on its behalf, *see e.g. In re Walker*, 180 B.R. at 844, there is no prohibition on the creditor *selling* the discharged debt, presumably at a greatly discounted rate, to a third party." *Id.* (emphasis in original). Moreover, the court opined that "[a]bsent an agency relationship between the seller of the discharged debt and the purchaser of that debt . . . the seller of a discharged debt is not liable for the purchaser's subsequent attempt to collect on that debt." *Id.*

Other courts, however, have concluded that the seller of a discharged debt may have violated the discharge injunction by selling debts with full knowledge that the buyer would attempt to collect on the debts and by failing to indicate to the purchaser that the debts were discharged. *See e.g. In re Birakoye Nassoko*, 405 B.R. 515 (Bankr. S.D.N.Y. 2009) and *In re Lafferty*, 229 B.R. 707 (Bankr. N.D.Ohio 1998). In these cases, debt portfolios were sold without classifying the debts as discharged. These cases have

5

focused on whether the creditor maintained adequate procedures to prevent a violation of the discharge injunction; procedures which informed the assignee or collection agent that the debt was discharged.

In the present case, Money Express had notice of Colon's discharge. However, the actions which constituted the alleged violation were undertaken by the assignee of the debt, Advanced. Colon does not allege facts from which the Court could conclude that there was an agency relationship between Money Express and Advanced. Rather, Colon alleges that the mere conveyance of the discharged debt to Advanced, violated the injunction.

The Court concludes that the flaw in Colon's complaint is that Money Express specifically informed Advanced that all actions or proceedings to enforce the discharged debt or to levy on Colon's property were prohibited and foreclosed by law. The Court can envision reasons, other than collection, for selling discharged debts, such as for use as a tax credit. Since Money Express specifically informed Advanced that the debt was discharged and that any action to collect it was illegal, the Court can not conclude that Colon's complaint alleges a plausible entitlement to relief. The Court concludes that Colon's complaint fails to set forth factual allegations respecting each material element necessary to sustain recovery for violation of the discharge injunction, namely that Money Express intended the actions which

constituted the violation and that it acted in a way that improperly coerced or harassed Colon. Accordingly, the Court will grant the motion to dismiss the amended complaint for failure to state a claim upon which relief may be granted and finds it unnecessary to discuss whether the complaint could also be dismissed for failure to join an indispensable party.

ORDER

Wherefore IT IS ORDERED that the motion to dismiss the amended complaint (dkt. #49), filed by Money Express, shall be, and it hereby is, GRANTED.

Judgment of dismissal will enter accordingly.

SO ORDERED.

San Juan, Puerto Rico, this 17th day of September, 2009.

BY THE COURT:

ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge